**FILED**
CLERK, U.S. DISTRICT COURT

02/23/15

CENTRAL DISTRICT OF CALIFORNIA
BY sb_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURELIO MARTIN SEPULVEDA,<br><br>        Petitioner,<br><br>        v.<br><br>DANIEL PARAMO, WARDEN, ET AL.,<br><br>        Respondents. | CASE NO. ED CV 15-0255-CAS (PJW)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |

On January 29, 2015, Petitioner signed a Petition for Writ of Habeas Corpus, which was subsequently filed in this Court, challenging a 2012 Board of Parole Hearings decision finding him unsuitable for parole. (Memorandum of Points and Authorities in Support of Petition at 14.) Petitioner claims that the Board's denial violated his due process, equal protection, and confrontation rights as well as the Ex Post Facto Clause, and that he is entitled to a jury trial to determine his suitability for parole. (Petition at 5-6.)

For the following reasons, Petitioner is ordered to show cause why his Petition should not be dismissed because it is time-barred. State prisoners seeking to challenge state administrative decisions in federal habeas corpus proceedings are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d); see *Shelby v. Bartlett*, 391 F.3d

1061, 1066 (9th Cir. 2004) (holding § 2244's limitations period applies to all petitions filed by persons "in custody pursuant to the judgment of a state court," including those challenging an administrative decision).  Here, the Board's decision denying Petitioner parole became final on December 26, 2012, 120 days after it was issued.  *See* Cal. Penal Code § 3041(b); Cal. Code Regs. tit. 15, § 2043.  The federal statute of limitations began to run the day after the decision became final and expired one year later.  *See Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003) (holding federal limitations period begins to run the day following parole board's denial of prisoner's administrative appeal).  Thus, Petitioner had until December 27, 2013 to file his federal petition.  He did not, however, file this Petition until January 29, 2015, 13 months after the deadline.[1]

　　　　IT IS THEREFORE ORDERED that, no later than **March 25, 2015,** Petitioner shall inform the Court in writing why this case should not be dismissed with prejudice because it is barred by the statute of limitations.  Failure to timely file a response will result in a recommendation that this case be dismissed.

　　　　DATED: February 23, 2015

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　PATRICK J. WALSH
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\SEPULVEDA, A 255\OSC dismiss pet.wpd

---

[1] Pursuant to the "mailbox rule" for prisoner filings, the Court uses the date Petitioner signed his pleadings (and presumably delivered them to prison staff for mailing) as the filing date.  *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988).